**W. S. McGREGOR et al., Plaintiffs,**

v.

**CCH COMPUTAX, INC., Defendant.**

**No. CV 78–1513 AAH (Px).**

United States District Court,
C. D. California.

Jan. 22, 1979.

Cutler & Cutler by Felice R. Cutler, Los Angeles, Cal., for plaintiffs.

Kenneth Crews Mann, Los Angeles, Cal., for defendant.

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF JUDGMENT NOTWITHSTANDING THE VERDICT, AND JUDGMENT FOR DEFENDANT UPON EQUITABLE ISSUES.

HAUK, District Judge.

This cause came on for trial on December 19, 20, 21, and 22, 1978, before the Honorable A. ANDREW HAUK, District Judge Presiding, and before a jury. The Court presided over that portion of the trial regarding equitable relief and, having heard the evidence finds the facts and states the conclusions of law as to equitable relief as follows:

## FINDINGS OF FACT

1. That the plaintiffs failed to prove that the defendant acted with ill will or bad faith in discharging the plaintiffs, or any of them.

2. That plaintiffs failed to prove that the defendant's termination of plaintiffs, or any of them, was a willful violation of the Age Discrimination in Employment Act of 1967 ("ADEA").

3. That plaintiffs failed to prove that the defendant's termination of plaintiffs, or any of them, was a negligent violation of the ADEA.

4. There is no evidence in the record to indicate that defendant did anything inequitable in its termination of the plaintiffs, or any of them.

5. The defendant acted in good faith in terminating the plaintiffs, and each of them.

6. The only reasonable inference from the evidence is that the termination of the plaintiffs, and each of them, was not in violation of the ADEA.

7. The defendant had business obligations to meet and was losing approximately $800,000 in the year 1977, and defendant determined that it would cut costs, and plaintiffs, and each of them, were terminated for that reason.

8. The defendant did not intentionally or negligently violate the provisions of the ADEA in terminating the plaintiffs, or any of them.

9. There is no evidence to reasonably support the contention of the plaintiffs, or any of them, that the defendant discriminated against them, or any of them, on the basis of age.

10. Under all of the evidence, a reasonable trier of fact employing all reasonable inferences could not reasonably find liability by a preponderance of the evidence for the defendant's termination of the plaintiffs, or any of them.

11. There is no evidence in support of the claims made by the plaintiffs, or any of them, in their complaint.

## CONCLUSIONS OF LAW

1. Following the law, looking at all of the evidence, the defendant is not liable as a matter of law for any violation of the ADEA as to these plaintiffs, or any of them.

2. The defendant did not act with bad faith in terminating the plaintiffs, or any of them, and, therefore, the defendant is not liable for liquidated damages and the plaintiffs are not entitled to liquidated damages pursuant to the provisions of 29 U.S.C. § 626.

3. The defendant did not act with bad faith in terminating the plaintiffs, or any of them, and, therefore, the defendant is not liable for liquidated damages and the plaintiffs are not entitled to liquidated damages pursuant to the provisions of 29 U.S.C. § 260 as incorporated in the ADEA.

4. Under the test of willful violation of the ADEA, the defendant is not liable for liquidated damages, in that the defendant acted in good faith in terminating the plaintiffs, and each of them.

5. There is no liability for liquidated damages by the defendant to the plaintiffs, or any of them, in that there is no evidence of ill will or bad faith or malice or fraud or gross negligence by the defendant in terminating the plaintiffs, or any of them.

6. The plaintiffs, and each of them, are not entitled to liquidated damages pursuant to the provisions of the ADEA.

7. The plaintiffs, and each of them, are not entitled to reinstatement as to employment or any fringe benefits, including insurance and retirement under the provisions of the ADEA.

8. The plaintiffs, and each of them, are not entitled to attorney's fees or costs. The standard for awarding attorney's fees is whether the employer's action was frivolous, unreasonable, or without foundation, and under that standard, plaintiffs, and each of them, are not entitled to attorney's fees.

9. That Clerk shall serve all counsel herein.